please call the first case starting with the attorneys the epilogue good morning my name is James bett key and I'm representing the epilogue Kenny Industries good morning honor Eric Macy I represent the trustee of the trust of the epilogue one of the employees and my name is Josh and I represent Bank America and has the employees discussed how much higher split the time yes we have your honor and what are you gonna do okay the I on behalf of the trust we will take approximately 10 minutes and then I will see to mr. young who will take approximately five minutes that'd be fine you have 15 minutes but it's an interesting case just don't repeat yourselves I will you have some time mr. bett key for reply it's any time you're ready mr. bett thank you because courts only decide issues briefed and argued before them it's important this morning to see what has previously been decided and what has not been previously decided and this all started as you know with an arbitration initiated by Gerard and his trust under the share purchase agreement the SPA and the arbitrator was asked to decide three issues that are relevant to us this morning first of all the purchase price of the stock in Kenny Industries and the was the figure calculated by Kenny Industries second and I think most important for this appeal Gerard claimed that he was entitled to be paid in a lump sum rather than installments over a 15-year period as provided for in the SPA and the arbitrator rejected that claim payments were due in installments and as the arbitrator said contracts to pay money in installments are breached one installment at a time and so he said and I'm quoting here the trust is entitled only to the unpaid installments and not to the full amount owing so Gerard was not entitled to 6.9 million dollars at that time but they were entitled to be paid the 15 installments right that's where he ruled on all 15 installments saying you're to and you're to pay those as well you're to pay now up to that date whatever was owed but there are 15 that's great it's to be paid that's correct and that's what the SPA says right yeah yeah the third issue was Kenny Industries claim to a set off before the arbitrator the arbitrator rejected that claim because there wasn't any evidence introduced at the hearing that Gerard or his trust were then indebted to Kenny Industries so no debt of this no setup so the arbitrator concluded in his 2009 interim award that the value of the Sears was six point nine eight nine million payable in installments as set forth in the SPA that's what he wrote that was a quote and that the initial payment had become due on October 1 2006 with additional installments in 07 and 08 and so in the final award he specified the amounts due on October 1 2006 seven and eight through what provision of the SPA he was allowing those installing payments what provision of the SPA was he referring to or did he refer you what section I don't think not in that quote but it is I believe section 2.2 and you can you can sorry counsel if you want that's all you can find it later I don't want to okay delay any further but I'm just wondering specifically what section was in your turn to continue with your argument okay thank you yeah well Gerard and his trust then sought to have the final award confirmed in the circuit court and Kenny Industries opposed that request only on a very limited basis it argued that the arbitrator had exceeded his authority in one particular respect Kenny also requested a stay of enforcement judge Mackey confirmed the award denied the stay so judge Mackey in January of 2010 confirmed the final award and he did add the installment that had become due on October 1 2009 and he entered judgment for three million roughly three million dollars slightly more than that and that is the only money judgment that Gerard and his trust have against Kenny Industries the SPA was an installment contract and as of January 29th 2010 when judge Mackey entered his order that was all that was due under the SPA and neither Gerard nor Kenny Industries raised any issue before judge Mackey about the stock valuation about the six point nine million or about the arbitrators decision that it was payable in installments so there's nothing for judge Mackey to decide about those issues the remaining principles do in installments starting in October of 2010 continuing for another 11 years because that's what the SPA says Kenny Industries appealed to this court but again it raised only the same two issues that it had raised before judge Mackey and and this court found that the arbitrator had not decided this tangential issue and therefore had not exceeded his authority and of course the court affirmed the denial of the stay but this court in the first appeal did not consider either whether six point nine was the correct valuation or whether the payments were due in installments or whether Kenny Industries had a set off because nobody raised those issues in February of 2011 Gerard and his trust filed a petition to him and in the petition he did not claim that he had a judgment for six point nine million dollars rather he sought and he obtained the amount that was then due specifically the installments for 06, 07 and 08 which were the final award the 09 installment which judge Mackey had had added in and by the time judge Petty entered an order in June of 11 the 2010 payment had become due and so that was included as well but the installments for the period beginning on October 1, 2011 and ending in 2021 were not due because the SPA specifies the due dates and contrary to the appellees arguments the SPA has not disappeared and in fact Bank of America I think had it right when it asked to intervene before judge Petty and it asked to intervene and I'm quoting here from its motion in order to protect its interest in Mr. Kenny's and the trust's right to payment under the Kenny Industries SPA not under a judgment under the SPA so when Bank of America says in its brief here that you've already decided the issue raised by the this appeal it's wrong you didn't decide in a case fully briefed and argued before October 29th 2010 that Kenny Industries had no set off rights under an assignment that didn't occur until late and when Bank of America says in its brief that this is an argument about the same set up that the arbitrator rejected in January of 2009 it's wrong again because the arbitrator did not and could not possibly have considered a set off that hadn't yet occurred and when Bank of America you alleged Gerard and the trust are one in the same for purposes for this for purposes of this appeal yes well the SPA allows a shareholder to transfer shares to a trust but it provides that if that's done the trust still remains subject to the provisions of the SPA as do any that airs legatees and the signs of the shareholder so you can't get out from under the provisions of the SPA by just saying oh well I'm set up in a trust but when you say for the purposes of this case that apply to any other case the argument that they are one of the same I'm not sure I understand what you mean by any other case you argue that for the purposes of this case the Gerard and the trust are one of the same again I mean that's not an overall axiom of the law oh no no no no no no I'm not suggesting that that's a general rule of law and when the Bank of America and Gerard say in their briefs here that Kenny Industries obligation to pay for Gerard stock has been reduced to judgment they're wrong again because there's no judgment entered against Kenny for six point eight nine million dollars and for one simple reason most of the amount is not yet due because it's payable in installments under the provisions of the SPA and let me go back to the language of the interim award that I quoted a the trust is entitled only to the unpaid installments and not the full amount owing so the council said they've raised in their brief the bank that when you found your brief that was the first time you've made this argument the last five minutes that the October 2010th assignment is what you're basing your request for relief on but down below you didn't ask for that at all you argued that you were entitled to relief for all of it is that correct no it's not correct I had addressed that in the reply brief but there was not a lot of yeah yeah you do mention it in your reply brief but as I point out that the last ten minutes and we're not concerned about the time your whole argument in front of us relies on this idea of the act 2010 October 2010 assignment yes whereas just mentioning that briefly in front of the circuit court would generally end up in forfeiture you know we don't usually lie to change horses in midstream so the fact you raised it down below but didn't rely on it and brief it and all that usually we say you lose well it really wasn't an issue that was the briefing below as you probably told was expensive and nobody really seemed to address that issue well that was your duty your job is your position so when you say that nobody just your position down below which is what you just said that's not helpful to you is it it's not their fault that they didn't come up with this well what I meant by that is that the focus of the petition that that was filed was we want to collect what's due and owing now that was the focus of it and so I you know I think the situation was well we're gonna address what's due now we're not talking about the future well then all of a sudden and I think after after Judge Petty's ruling Gerard and the trust in the bank say oh this applies to the future it applies to the future it applies to the next ten payments too you've lost all your right of set off this is your theory would be that even if we rule against you since there were eight payments left you can go into court tomorrow assuming we come out of the decision today today after we file our opinion you sell seven more payments do and therefore we start the machine running again and let's start that the setup right well I think what Gerard and his trust would say is is no the questions what would you say the questions addressed to you well all right I want to be your position with whatever we come out let's assume that we affirm as we tend to affirm it in excess of 90% of the time statistically is it gonna be your position that now all we rule now is up on any payments due to whatever day are actually whatever day the circuit court will die because we don't have the future in front of us what would prevent if we agreed with your position that you could do that right I mean yes yeah you could do that you know we really lose today or you believe that you can still file how many payments are in the future six or seven start this whole rigmarole again and say oh by the way we have this assignment from October 2010 or get another assignment have the kids get to get the siblings together and get them to write another note to Kenny I think that would require the Gerard and the trust and perhaps the bank to in effect file suit for breach of contract ie there was an installment due on October 1 2012 and it hasn't been paid and remember what they did here they didn't come in to court before Judge Patty and say we're suing for breach of contract they said we have a judgment and we want to collect and they were actually reaching out to the appeal bond that had been filed which which made a lot of sense at that point but I think would would not be permissible in the future under my view although I think under their view as articulated in their briefs they would say yes we have a judgment for six point ninety million dollars and I think that becomes the key point I don't think they do I think that the Kenny Industries has an installment obligation that's what the SPA says that's what the arbitrator said and Kenny Industries never disputed that it was Gerard who said no I want it all at once and the arbitrator said no and nobody's disputed that but the what what the Apple ease now say and what they've said in in an area below and I think I cited to the end included in the supplemental record say no it's all over and done with there cannot be any future set off rights it's all been resolved the SPA has disappeared it's all been merged into the judgment there are no more rights I think it doesn't apply and I I set out to the argument particularly with reference to the layman case and the restatement in the reply brief I think those are directly applicable here so that the merger doctrine does not apply because again Kenny Industries could not have raised the assignment as a defense to payments that were due up through October 1 2010 the first five payments because the assignment wasn't in existence but therefore no court can have adjudicated its effect prospectively because when all these the assignment had occurred but what's your best case for saying that assignments operate in that manner because I reasonably from just having been up for 16 years that we see assignments not frequently frankly but that the idea that the person who's been assigned the beneficial interest of this would need to go to court to enforce an assignment they've received as a result the most common we see is rents based on mortgage foreclosures that the person who's given that beneficial interest should go to court every time a payment is due because of his assignments go out you can't no court can order somebody to obey an assignment even though they signed it in the future do you have a case that would hold that that they have to go to court each time payment is due yeah yeah I think that's a generally Illinois law and I think I cited the jank of its case I mean I think it's a very familiar proposition of Illinois law as the arbitrator said installment contracts are breached one payment at a time and the courts have said now you have two choices you can each time installment is due or you can wait and say well I don't want to go in every month or every six months or every year I'll wait until three or four are due and then I will sue but in the absence of an accelerator in the absence of an acceleration clause installment contracts are breached one installment at a time and therefore if defenses arise during the course of the installment defenses that were not present when installments one two and three were due but have arisen now when installment four is due those can be asserted and that's precisely what Kenney Industries wants to do here is to assert its set-off rights under the SPA as to the future not through October of 2010 because it didn't have the assignment then but in the future and it's that I mean I recognize this is an odd appeal because Judge Patty didn't say anything about yes this goes on into the future but the appellees say that but the arbitrator said that this court said that they refer to the other payments due in the future both of them sure but subject seems to me clearly to defenses that were to rise in the future under the SPA well let's get to the priority of liens then how is it that your lien or that the October 2010 assignment Trump see previously filed liens by the bank well because I think the bank stands in Gerard shoes he's the S&R and it's a pretty familiar proposition of law that the S&E take subject to defenses that are good and we have to remember here that Bank of America is not and I'm going to use the phrase good faith purchaser I know it's not quite right but the Bank of America went into this assignment went into its assignment and its arrangement with Gerard and the trust with its eyes wide open it isn't that it said oh we had no idea there was an SPA if you look at the the the security documents which are in the Bank of America's supplemental appendix they make specific reference to the SPA they do for well what it provided so they're not they're not innocent here as I said in my reply brief they took a risk banks do that all the time and they assuage their risk by filing liens and by put filing things with the Secretary of State's house and by the way we're owed this money by Gerard who apparently owes the whole world millions and millions of dollars to loan him money is to throw it into a furnace apparently so in they cover themselves as much as they could by the way anybody who tries to get money out of this particular trust they'll have to come and see or this money we have a lien on that money that's our money it goes to us first how do you get around that well I think we get around that by the fact that the rights of Kenny Industries go back to 1987 in the SPA I mean how can the bank simply say it kind of on its own well we're just gonna do away with the SPA we knew about it we were just going to make it go away we'll just pretend it doesn't exist we don't care what Kenny Industries thinks about that we didn't get together with Gerard and we'll just make the SPA and it's a it's set off provisions disappear and that's really what the police are saying here we've made it disappear Kenny Industries didn't like it we haven't they didn't agree to it we didn't even tell them about it but it's gone and I don't think that's a result that is sanctioned either by a sense of fairness and justice or by Illinois law counsel can you see a basic question of the standard of review here I think you cite a case called tall for tall they for the proposition that is de novo review mm-hmm and is there any of the case that you have that suggested should be de novo and not abuse of discretion well the reason I believe it's de novo is because judge Pat actually in the March 24th transcript I think when he originally denied Kenny Industries petition said his new substance well you know as a matter of law and as I interpret the opinion of my of my brother justice Gallagher which was the first opinion of this court there is no so I think he was deciding the matter before him on a question of law and of course those are normally reviewed as I understand it de novo there were no factual hearings here there really were no factual disputes before judge Patty and it's for that reason that I believe the correct standard before you is de novo does that told a case actually say that I don't know if it specifically I don't I believe that does say that questions of law are reviewable de novo no question that that's true okay okay so in summary I say to you first of all there is no six point nine million dollar judgment against Kenny Industries there's an obligation it's an obligation to pay it and to pay it in installments there is no judgment the x6.9 million that was due under over 15 years that's what the arbitrator said nobody challenged that five installments have now been paid the remaining ones aren't due that's what the arbitrator said and nobody challenges that and if we go back then to section 4.5 of the SPA it allows Kenny Industries to if at the time that payment is due Gerard is indebted and that I believe remains in effect it simply has not disappeared it cannot be made to disappear by the unilateral actions of the bank and the trust thank you you mr. Macy what do you think the standard of review is mr. Macy thank you our position it's as some use of discretion but your honor the two cases we cited were both in connection with supplementary proceedings post the entry of the judgment one was with respect to a garnishment proceeding the other was respect to a release of a judgment that's exactly what happened here the appellant came before judge patty and said look we have this putative setoff therefore we want you to release the judgment entered against Kenny Industries and therefore there's no obligation on the 4.2 million dollar bond you think that's exactly what's before the court judge Kennedy gets judge petty gets to decide using the use of discretion the the impact of what prior cases were before they came to me please the court again Eric Macy with Novak and Macy on behalf of the trust which the appellee this is not a contract case this is the case about a judgment and the enforcement of a judgment and whether two judgments can be set off against each other there's no contract dispute anymore the trust has a judgment it's in dispute in fact when January 29th of 2010 okay judge Mackey entered a judgment and he entered a judgment in the amount of approximately three million dollars and I'm quoting plus future principal installments and interest all this provided for in the final award so we have a judgment for the installments to be paid in the future based on the seven million plus dollar award found by the arbitrator so what did the arbitrator do the arbitrator first determined the value the trust shares they were seven million dollars the next question was is how they are to be paid and he said they are paid in installments so that what the judgment says is you get seven million dollars X payable now as of the date of the judgment and you get the balance of the judgment but this is how it's paid so now what do I have I have the trust an enforceable judgment if I October 1 the next payment is due I'm not going to file a suit an arbitration we would have to be an arbitration of the stock purchase agreement for the next installment I'm going to go back to court if it is not paid and seek to enforce that judgment in any way I can citation to discover assets garnishment execution of property or otherwise that's how I will enforce that judgment it is not a contract right and how do I prove that even beyond what I've already said that the court said in fact this court said in addition judge Gallagher in the unanimous court actually characterized what the judgment was and he said and I quote the trial court granted the trust motion for judgment confirming the arbitration award of six million nine hundred eighty nine thousand six hundred twenty six dollars in total and entered judgment against Kenny interest industries in the amount of three million seventy four thousand eight hundred forty six dollars and ninety five cents through the date of judgment plus future principal installments and interest as provided for in the arbitration award it's exactly what the court characterized what happened here in fact he went on to say that while the interim award stated the value of the trust shares and the amount was to be paid in 15 installments the final word computed interest on what was due that's all the final award did incorporates the interim and computes interests and he goes on to say and I quote him again the amount to do as the date of the final award for the years two thousand six to eight including pre-judgment interest was two point two million approximately this is the quote the post judgment interest rate of nine percent was to apply from the date of the final award to any amounts unpaid going forward until the dates of payment in other words because the nine percent post judgment rate applies if they don't pay on October one each year of the installment it will accrue just like any other judgment at nine percent per annum a for sure I this is a judgment not a contract rate if it was a contract rate all I would get would be five percent pre-judgment when a liquidated amount it is nine percent and that's what the appellate court held and they didn't challenge any of this before they didn't challenge it before judge patty they didn't challenge it before judge Mackey at no time did they come in and say wait a second here hold the boat what happens if sometime in the future the trust or mr. Kenny owes us money what happened they didn't and having failed to do that they are barred from doing it for the first time in this court this is not a contract case in fact this this so-called stock I'm sorry I'll address that right away all this stock purchase agreement provided the Kenny Industries with was a set off was a right to set off payments owed the trust under the anything under the agreement industries allegedly owes the trust money now under a judgment that was assigned okay but it owes nothing to the trust under the agreement and the trust the excuse me Kenny Industries can't be in a better position than the ass and or which has no claim against the trust and the trust has no claim against that ass and or so industries owes the trust pursuant to a judgment not the stock pipe purchase obligations stock purchase agreement there's no more payment obligations under the stock purchase agreement if payment isn't made it's not a breach of contract okay it is the trial judgment provides for payments of all remaining installments in interest industries conceded this in its brief as we pointed out before the appellate court and it what we have is an improper collateral attack on a judgment that's already been entered by this court and as we said merger bars enforcement and you raise this yourself your honor trusted industries have competing claims regarding the amount owed the trust have been fully adjudicated have been reduced to judgment and affirmed on appeal the stock purchase agreement is nudum pactum it loses its vitality and it ceases to bind the parties I believe this court held that in the first district in 2006 in a case called otherwise yes otherwise we are always arbitrating every year we have an arbitration litigation must come to an end that's what this is all about and they say versus continental which I believe he addressed mr. Becky address and the court asked about which is a 1992 first district appellate court case that said two things first a dismissal for lack of subject matter jurisdiction has no race to the kind of fact that's not before this court second it said that a defendant can't really get claims requested to present in a counterclaim that were deemed mandatory in federal court rather than permissive in a jurisdiction where the original proceeding occurred there's no counterclaim this isn't a case where there's claims and counterclaims and in addition the merger doctrine provided in in that layman case continental versus says it's you can't if the punitive counterclaim here us a punitive setoff would nullify or impair the the dollar amounts that have been adjudicated in favor of the counterparty it can't be used here it is clear that the amounts if they use this so-called setoff it will impair the entire amount of what has already been adjudicated by the court so for that reason we believe this case is directly merger directly applies to this case and they can't assert rights better than the assignment it is it is law in the state for many many years that the siblings have a judgment against Jerry individually the trust has a judgment against a corporate entity Kenny Industries there's no basis for the siblings to set off against the trust they can say say you can use section 4.5 and I've explained why they can't but even assuming there's no merger and even assuming 4.5 is still in effect they still can't use the siblings judgment okay because 4.5 permits set off of amounts through the trust to any debt of Jerry or the trust to members of the Kenny group and this court has already held that the Kenny group doesn't include the siblings okay so that they can't do that now the trust can't get better rights than the be no set off they step into the shoes of the siblings and in addition the code of civil procedure expressly identifies what you do in setoffs of judgments twelve one seven six of the code said judgments between the same parties can be set off here this is not two judgments between the same parties because the ass and he can't be in a better right than the afternoon second 12 178 says a set off should not be allowed when the creditor in one of the judgments is not in the same capacity as the trust and entrust is the debtor in another here the trust is a judgment creditor of Kenny Industries but the trust isn't a debtor of to the siblings so they're not in the same capacity and the trust as as the trust is Gerard individually okay the trust and Jerry are not one and the same this court has repeatedly held the Illinois Supreme Court Johnson in 62 I believe in Farkas in 55 this court in Zuckerman 1991 that these settler trusts are absolutely valid in this state and they are enforceable in the state they are not the same as the settler there's no identity of interest there the siblings and industries are not trying to execute on the trust's assets that this is an appeal from that industries is trying self-help through a manufactured set off the whole idea that there's no mutuality is this this is the simple simple test the trust can't enforce its judgment against the siblings in the absence of the trust's ability to do that it simply cannot be stated that there was a mutuality for purposes of settle for all the reasons I've articulated and the reasons already articulate in the brief unless the court has any questions I will I know the distinction but I'm going to I'm going to reserve that to counsel for the for the bank because that was relates the priority to issue although we adopt and incorporate by reference all the bank's arguments for our thank you for the court's time is it mr. young may please the court for Bank of America again justice Connors I'd like to address your question first the distinction between count that are judgment that are here it's clear that we have a judgment that are situation there was a judgment entered the contract merged into the judgment contract is gone there is no longer an accountant we make arguments in the alternative that even if for whatever reason this wasn't a judgment that are situation even as an account debtor any industries takes a backseat to Bank of America and other creditors with liens prior liens in this case even though is a judgment hold of the judgment you acknowledge the only have to pay you in there's no lump sum but it is it is a judgment that they have to make those future installments and as a judgment the judgment set off provisions of a Illinois Code of Civil Procedure apply and those those provisions make crystal clear that the set off does not obtain so let me talk about a few additional reasons beyond the ones that mr. Macy mentioned that the circuit court's ruling should be affirmed first any industries cannot assert a set off because it never obtained beneficial ownership of the August 2010 judgment that wants to use as a set off that judgment was awarded to the Kenny siblings and when the Kenny siblings assigned to that judgment to Kenny industries they did so expressly and I'm quoting here quote for the purpose of collection Illinois law is clear that an assignment for collection purposes does not transfer the beneficial ownership of a debt yes they for the purpose of collection is in the assignment it's on page 18 of the appendix the Kenny Industries brief Illinois law is equally clear that without beneficial ownership a party asserting a without beneficial ownership of an obligation a party cannot use the obligation to affect a set off that black letter law forecloses any set off by Kenny Industries in this case Kenny Industries has claimed that the assignment did convey beneficial ownership but there's overwhelming evidence in the assignment itself that the assignment was only for collection purposes the assignment itself says so the assignment describes no consideration that would be commensurate at all with the transfer of a 7.7 million dollar asset and the assignment gives the Kenny siblings the right to declare a dividend expressly gives them the right to declare a dividend that would allow them to recover any amounts that Kenny Industries might collect in the assignment furthermore even if the Kenny siblings assignment was ambiguous in some way that ambiguity would have to be construed against Kenny Industries because Kenny Industries is one of the drafters of the assignment the second second reason for affirming the circuit courts ruling in this case is that Bank of America's security interest in the case trust as priority over any set off asserted by Kenny Industries section 9 dash 404 a of Illinois version of the UCC provides that an assigned security interest receives priority over set off if two things are true first the party asserting the setup must receive notice of the security interest before the set off accrues and second the set off must arise from a different transaction in transaction that gave rise to the contract rights assigned to the party with the security interest both of those conditions are present here yes this this goes right to the this court's recent decision in puritan finance which held that under 9-404 and contrary to what opposing counsel said a sign an assigner an assignee who has an assigned security interest like Bank of America does in some circumstances have better rights than the assign or because as your honors pointed out Bank of America protected itself by perfecting its security interest and contrary to opposing counsel said notice was was before and that notice was given before this is crucial before any set off accrued yes Kenny Industries was notified early before October 2010 and they were given copies of the assignment documents on October 19 2010 the set off accrued or if there was a set off it accrued on October 29 2010 that's the date of the purported assignment it's close but the rule is is priority and and that priority and that means that section 9-404 the UCC particularly under this court's recent decision in puritan finance gives Bank of America's security interest priority over any set off finally I'd like to ask the court to keep in mind what is really going on in this case when judgment was entered originally in January 2010 Bank of America had a first first priority perfected security interest in the amounts that Kenny Industries owed to Jerry's trust and Kenny Industries had no right to set off Jerry's unrelated liability to the Kenny siblings in order to dodge its payment obligations and destroy Bank of America's security interest Kenny Industries then manufactured tried to manufacture a belated set off through what in effect is a sham assignment of the Kenny siblings judgment with good reason the law does not allow this kind of collusive trafficking in debts for the sole purpose of leapfrogging secured creditors therefore we ask the court refuse to endorse Kenny Industries efforts to engage in such trafficking here and let me if I may address one other point that that counsel counsel said that Bank of America went into this with its eyes wide open and not innocent it took the risk well the truth of the matter is that when Bank of America took its security interest took its security interest right after the arbitrator had ruled that the Kenny siblings could not take a set off and at that point in time the there was no Kenny Industries Kenny Industries had no right to take a set off they had no obligation that was owing to them from Jerry and there was no prospect that such an obligation would arise because the share purchase agreement had effectively been terminated and at that time there were no other obligations which is why Bank of America got a first priority perfected security interest it was only subsequently and after Bank of America and after Kenny Industries received notice of Bank of America's security interest that that Kenny Industries and the Kenny siblings colluded together to form this sham assignment to sort of leapfrog Bank of America for all these reasons and the reasons that Mr. Macy stated we ask that the Circuit Court's rulings be affirmed. I just note that you filed a motion to cite additional authority the case of Puritan versus Beckstein written by one of our more prominent jurors Thomas Hoffman we got that thank you. Thank you your honor. Hi Judge Hoffman. Reply briefly. Counsel can you address the sham assignment? Yes could I first say in 2.2 of the SPA that provides for installment payments I just couldn't spot the language in it when I was here before. I don't think there's any basis for this court to determine that this was a sham assignment. It certainly was not an assignment limited to for collection purposes. It is an assignment of all right title and interest and and the bank made the argument in its brief about well gee the Kenny Industries can get to the get the money from Gerard and then pay it off as a dividend but this provides specifically the assignment provide specifically that if the assignees for some reason if the Kenny siblings get any payments they have to give it to Kenny Industries and the the the likelihood under the circumstances here of any collection from Gerard is well not really a record I think we all know the odds of that are not very great. Mr. Betke if I may interrupt. Yes. I'd like to know what's your response to the police argument that the Kenny siblings had no right to set off the 05 judgment therefore they could not properly assign that right to Kenny Industries. It is correct that the Kenny siblings had no set off rights but they aren't asserting any. The question is does Kenny Industries have set off rights and it has them not because it acquired them by assignment but because the SPA back in 1987 gives it set off rights. So that's the source it seems to me that that in order to have a set off you need two things. You need a right and you need something to set off. Well when we were before the arbitrator we had a right to set off but the arbitrator said yeah but no debt. There's no indebtedness. There's nothing to set off. Well now in October of 2010 Kenny Industries had the right that it's had since 1987 under section 4.5 of the SPA and it now had a debt by assignment to set off and that is my response. Both of the appellees have said here to you future rights of Kenny Industries under the SPA are gone. This is Mr. Macy says this is not a contract anymore it's a judgment. Where's the language of Judge Macy's order? It says judgment centered for three million and change plus future installments and interest all is provided for in the final award. And the final award as we've seen entered judgment for three installments and it incorporated the interim award which said yeah a total of 6.9 million payable in installments over 15 years and you can't have it all now because it's not due. And how is how are they going to go back into court in October of 2012 and say your honor I have a judgment and I want to collect it. And how have they been able to cut off Kenny Industries rights to set off under the SPA has decided that the SPA is gone. No court. Can they co-exist counsel? Sure, sure. I don't see any reason they can't co-exist. Mr. Macy particularly used the phrase cut two or three times this court held this court held in the prior opinion. This court held two things in the prior opinion. The arbitrator had not exceeded his authority and the Judge Macy did not use his discretion in declining to stay. That's what you held. You recited a lot of facts quite appropriately but you didn't decide those issues because they weren't before you. Reference to the Code of Civil Procedure and setting off judgments. We're not trying to set off a judgment against the judgment. In my view Kenny Industries has a judgment which it is trying to set off against contract obligations under the SPA. That Gerard and his trust have contractual rights under the SPA to installment payments. Yes as confirmed by the arbitrator but the rights derived from a contract and that contract is still here and it's still good and it can't be made to go away because the Bank of America and the trust would like it to be gone. Thank you Mr. Macy. This case will be taken under advisement. No decision today? We'll see. Thank you very much.